COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Felton and McClanahan
Argued at Salem, Virginia


MELVIN CORNELL DODSON

                                                    MEMORANDUM OPINION* BY
v.        Record No. 2019-04-3                       JUDGE ROBERT J. HUMPHREYS
                                                          JANUARY 17, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
Charles M. Stone, Judge

        S. Jane Chittom, Appellate Defender (Virginia Indigent Defense
        Commission, on briefs), for appellant.

        Kathleen B. Martin, Assistant Attorney General (Judith Williams
        Jagdmann, Attorney General, on brief), for appellee.


        Melvin Cornell Dodson ("Dodson") appeals his conviction under Code § 19.2-128 for

felony failure to appear.  For the reasons discussed below, we do not address the merits of this

appeal and, therefore, affirm the conviction.

        On July 25, 2002, the trial court convicted Dodson for driving while a habitual offender,

second offense, and also for misdemeanor failure to appear.  Dodson's sentencing order specified

"the defendant shall be allowed to surrender to the Sheriff of this City on August 12, 2002" to

commence serving his sentence.[1]  The trial court granted two extensions of Dodson's "turn in"

date, and, when Dodson failed to appear before the sheriff on September 13, a *capias* was issued

for his arrest.  Dodson was arrested on April 21, 2004.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

        [1] The order also continued Dodson's bond until his "turn in" date.

On August 24, 2004, Dodson was tried for felony failure to appear.  Dodson moved to strike the Commonwealth's evidence, arguing that his conduct did not fall within any of the subsections contained in Code § 19.2-128.[2]  In overruling Dodson's motion, the trial court held that Dodson's conduct fell within Code § 19.2-128(B).  This code section punishes any person who "willfully fails to appear before any court as required" after being "convicted of a felony offense and execution of sentence is suspended pursuant to § 19.2-319."  Code § 19.2-128(B).  The trial court found that Dodson's failure to surrender to the sheriff as directed satisfied the elements of Code § 19.2-128(B) and, thus, found Dodson guilty of felony failure to appear.  The trial court sentenced Dodson to five years in prison, with three years suspended.  It is from this judgment that Dodson appeals.

In this case, the question presented upon which we granted an appeal states, "[t]he Circuit Court erred in convicting appellant of felony failure to appear before a judicial officer, in violation of Va. Code § 19.2-128, because the Sheriff is not a judicial officer."  And, on appeal, both Dodson and the Commonwealth focus their arguments on the definition of a "judicial officer" as it is defined in Code § 19.2-119 and as used in Code § 19.2-128(A), which addresses bond forfeiture.  However, the record reflects that neither of these statutes formed the legal basis for the trial court's ruling and the code section under which Dodson was convicted.  Moreover, neither party addresses their arguments and authority to Code § 19.2-128(B), the specific statute cited by the court in support of its ruling.  Specifically, the issue of whether the evidence that Dodson's failure to surrender to the sheriff, after being ordered to do so, is equivalent to failure to appear before "any court" as required by Code § 19.2-128(B) has never been presented,

---

[2] Specifically, at trial Dodson argued that, pursuant to subsection A, a sheriff is not a "judicial officer" as defined by Code § 19.2-119.  Dodson further argued that he was never required to turn himself in to "any court," as required by subsection B of the statute.

briefed or argued to this Court. Thus, in the context of the record before us, the question of whether or not a sheriff is a "judicial officer" is purely hypothetical. "Because the very 'nature of judicial review constrains us to consider the case that is actually before us,'" we decline to "offer an advisory opinion on such 'hypothetical situations.'" Boyd v. County of Henrico, 42 Va. App. 495, 520, 592 S.E.2d 768, 780 (2004) (*en banc*) (citations omitted).

"The object of the [question presented] is to point out the specific errors claimed to have been committed by the court below," thereby alerting the reviewing court, and opposing counsel, to "the points upon which plaintiff's counsel intends to ask a reversal of the judgment or decree, and to limit discussion to those points." Puckett v. Commonwealth, 134 Va. 574, 579, 113 S.E. 853, 854 (1922).

By ignoring the statutory basis upon which the trial court actually based its decision, Dodson failed to "'lay his finger on the error'" which led to his conviction. Id. at 578, 113 S.E. at 854 (quoting Bank v. Wm. R. Trigg Co., 106 Va. 327, 342, 56 S.E. 158, 163 (1907)). Therefore, we do not address the merits of this appeal, and we affirm Dodson's conviction.

Affirmed.